Per Curiam.

Defendant was charged with assault in the third degree arising out of his striking the complainant and with harassment in his threatening to “ get ” the complainant. Similar harassing conduct directed against a different complainant by this defendant and by defendant James Manos is the subject of two companion appeals (Nos. 212 and 541 of June, 1973). Having been acquitted of the assault charge and found guilty of two counts of harassment, defendant on this appeal alleges that he was entitled to a jury trial since he was charged with assault in the third degree, a Class A misdemeanor.
Defendant was not prejudiced by the failure to provide him with a jury trial, because the court found him guilty only of *617 harassment and not guilty of the assault charge. Upon remand for a new trial, the defendant could be tried for harassment only and would thus not be entitled to a jury trial. In People v. Moyer (27 N Y 2d 252), it was held that harassment is not a lesser included crime in the crime of assault in the third degree. The elements of the crimes are different and require a separate rational process peculiar to each. CPL 220.20 (subd. 1, par. [f] ) provides that “ where the crime charged is assault * * * the offense of harassment, as defined in subdivision one of section 240.25 of the penal law, is deemed to constitute a lesser included offense ” [as delineated in subdivision 2 of section 220.20] “ only for purposes of conviction upon a plea of guilty \and not for purposes of conviction by verdict.” (Emphasis supplied.) To reverse the judgment of conviction, under the circumstances herein, in order to have a nonjury trial of the harassment charge only, would exalt form over substance.
Although there is an aura of labor-management difficulty present and although defendant Carvelas was a shop steward and the defendant in a related case, James Manos, was a union supporter, there is no indication in the record that their conduct took place during a protected activity. The dissent views the circumstances herein as analogous to labor eases involving the NLRB where a distinction is made between threats, impulsive behavior and dirty language arising out of genuine labor conflicts, and unconnected verbal or physical violence justifying management action. Scrutiny of Crown Cent. Petroleum Corp. v. N. L. R. R. (430 F. 2d 724), cited in the dissent, impels the conclusion that the area of protected activity in labor disputes is reasonably circumscribed. In that case, members of a grievance committee in a grievance meeting called the supervisor a liar and profanity followed. The court found this to be a protected activity under the N. L. R. A. It distinguishes Boaz Spinning Co. v. N. L. R. R. (395 F. 2d 512) where reference to a management representative as a “Castro” and a “totalitarian dictator ’ ’ was held to be unprotected. Although these statements were made at the time of a lawful management persuasion speech, the court in Boas held that “flagrant conduct of an employee, even though occurring in the course of a section 7 activity, may justify disciplinary action by the employer ” (Boaz Spinning Co. v. N. L. R. B., p. 514, supra).
Defendants Carvelas and James Manos did not sufficiently demonstrate that they were engaged in a protected activity. Their actions did not occur at a grievance meeting, a collective bargaining session, an election speech or a union meeting. Even *618 if their conduct is viewed as occurring within the context of a protected activity, such conduct is not ipso facto immune from criminal prosecution. The observation that employee’s “ rights, derived from section 7, must be balanced against the employer’s right to maintain order in his business by punishing acts of insubordination ” is relevant in this regard (Crown Cent. Petroleum Corp. v. N. L. R. B., supra, p. 729). On the facts herein, the National Labor Relations Act may not be viewed as proscribing punishment of the defendants by the State.
Defendant Carvelas alleges that subdivisions 2 and 5 of section 240.25 of the Penal Law are unconstitutional. In view of the presumption of constitutionality and in view of defendant’s failure to demonstrate unconstitutionality, defendant’s claim is rejected. In Gooding v. Wilson (405 U. S. 518, 520 [1972]), it was held that a State “harassment” statute can withstand attack upon its constitutionality only if, as construed by the State courts, it is not susceptible of application to speech, although vulgar or offensive, that is protected by the First Amendment. Judicial construction of section 240.25 of the Penal Law has limited its application to words and/or gestures which substantially annoy a person to the degree that there would be a direct tendency for the person addressed to react by an act of violence or a breach of the public peace (People v. Benders, 63 Misc 2d 572). The United States Supreme Court has held such interpretation of a similar State statute to be constitutional (see Chaplinsky v. New Hampshire, 315 U. S. 568).
The judgment of conviction should be affirmed.